IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| RUTH G. DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Complaint** |
| v. ) | |
| ) | Case No.: 2:14CV571 |
| ANTHONY ECHEVARRIA, ) | |
| ) | |
| and ) | |
| ) | **Plaintiff Demands Trial by Jury** |
| JOEL AYALA-ACEVEDO, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| SERVE: Anthony Echevarria ) | |
| 304 Albemarle Drive ) | |
| Chesapeake, VA 23322 ) | |
| ) | |
| Joel Ayala-Acevedo ) | |
| 216 Oak Leaf Court, Apt. B ) | |
| Chesapeake, VA 23320 ) | |

## COMPLAINT

COMES NOW Plaintiff Ruth G. Davenport, by counsel, and for her Complaint against Defendant Anthony Echevarria and Defendant Joel Ayala-Acevedo for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) represents punitive damages, together with the costs, interests and expenses of this action, and Plaintiff's reasonable attorneys' fees, alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Ruth G. Davenport brings this action pursuant to 42 U.S.C. § 1983 and alleges a violation of the Fourth Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3), because it seeks to redress the deprivation, under color of State law, of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

3. Plaintiff Ruth G. Davenport (hereinafter "Plaintiff" or "Mrs. Davenport") is a citizen and resident of Virginia.

4. Defendant Anthony Echevarria (hereinafter "Defendant Echevarria") is a citizen and resident of Virginia.

5. Defendant Joel Ayala-Acevedo (hereinafter "Defendant Ayala-Acevedo") is a citizen and resident of Virginia.

### COUNT I: UNREASONABLE SEIZURE OF PLAINTIFF'S PERSON IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

6. Paragraphs 1-5, as set forth above, are re-alleged and incorporated herein by reference.

7. Count I is brought against each Defendant in his individual capacity while serving as a police officer with the Police Department of the City of Chesapeake, Virginia.

8. At all times herein, each Defendant was employed as a police officer with the Police Department of the City of Chesapeake and was acting under the color of state law and within the course and scope of his employment.

9. Each Defendant approached Plaintiff's home at or around 5:30 AM on March 26, 2014, seeking to arrest a third party who allegedly resided at Plaintiff's home.

10. Plaintiff was awakened by each Defendant prowling around the outside of her home – each of whom she initially suspected of being a burglar.

11. Upon seeing each Defendant, however, Plaintiff immediately believed each Defendant to be a police officer due to the fact that each was dressed in some sort of official police uniform and/or dress.

12. Plaintiff partially opened her door and asked Defendant Ayala-Acevedo why he was on her property.

13. Defendant Ayala-Acevedo told Plaintiff that he was looking for a third-party.

14. When asked by Defendant Ayala-Acevedo if the above-referenced third party was inside of her residence, Plaintiff (while standing in the threshold of the doorway to her residence) responded in the negative and told Defendant Ayala-Acevedo in no uncertain terms to leave the premises.

15. Defendant Ayala-Acevedo then grabbed Plaintiff's arm while she was standing in the threshold of the doorway to her residence and forced both his and her way inside of the residence and slammed her to the ground to place Plaintiff under formal arrest.

16. Upon Defendant Ayala-Acevedo's physical contact of Plaintiff's person, Plaintiff was engaged in no criminal activity of any kind.

17. Plaintiff submitted to Defendant Ayala-Acevedo's show of official police authority when Defendant Ayala-Acevedo placed his hands on Plaintiff's person.

18. Defendant Ayala-Acevedo thus seized Plaintiff's person for purposes of Fourth Amendment analysis when he placed his hands on Plaintiff's person.

19. Some time after Defendant Ayala-Acevedo seized Plaintiff's person and entered her home to place her under formal arrest, Defendant Echevarria also entered Plaintiff's residence and placed his hands on Plaintiff's person.

20. Plaintiff submitted to Defendant Echevarria's show of official police authority when Defendant Echevarria placed his hands on Plaintiff's person.

21. Defendant Echevarria thus seized Plaintiff's person for purposes of Fourth Amendment analysis when he placed his hands on Plaintiff's person.

22. Each Defendant seized Plaintiff's person and subsequently placed her under formal arrest for felony assault and battery of a police officer without any probable cause or reasonable suspicion of criminal wrongdoing in violation of the Fourth Amendment's prohibition against unreasonable government seizures of United States citizens.

23. Each Defendant, while in some sort of official police uniform and/or dress, unlawfully assaulted and battered Plaintiff.

24. Each Defendant, while in some sort of official police uniform and/or dress, unlawfully entered into Plaintiff's home.

25. Each Defendant is subject to liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

26. The Fourth Amendment to the United States Constitution provides in relevant part that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

27. The Fourth Amendment was made applicable to the States by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

28. The rights of citizens under the Fourth Amendment are clearly established.

29. Plaintiff was "seized" for purposes of Fourth Amendment analysis when her freedom of movement was curtailed by each Defendant's show of official police authority.

30. Each Defendant seized Plaintiff's person without probable cause, reasonable suspicion or any other legal justification whatsoever.

31. Because each Defendant's seizure of Plaintiff's person was without legal justification it was therefore unreasonable.

32. Each Defendant deprived Plaintiff of her Fourth Amendment rights when each unreasonably seized Plaintiff's person.

33. Each Defendant deprived Plaintiff of her Fourth Amendment rights when each placed Plaintiff under formal arrest for assaulting and battering a law enforcement officer without the legally requisite probable cause.

34. Each Defendant deprived Plaintiff of her Fourth Amendment rights when each used force that was more than what was reasonably needed under the circumstances to place Plaintiff under formal arrest.

35. Each Defendant deprived Plaintiff of her Fourth Amendment rights when each entered into her home without any legal justification whatsoever.

36. Because each Defendant had no reasonable suspicion to detain the Plaintiff for investigatory purposes, much less make a full-blown arrest, each Defendant's seizure of Plaintiff's person was not reasonable, and thus a violation of Plaintiff's Fourth Amendment rights under the Constitution of the United States. Each Defendant is subject to civil liability pursuant to 42 U.S.C. § 1983 because each violated Plaintiff's Fourth Amendment rights.

37. Plaintiff sustained the following damages as the proximate result of each Defendant's unlawful conduct: pain, suffering, inconvenience, and mental anguish.

38. Neither Defendant, as a government official, is protected by the doctrine of qualified immunity from liability for civil damages because the conduct of each Defendant violated clearly established statutory or constitutional rights of which a reasonable officer would have known.

39. Punitive damages are demanded because each Defendant was recklessly and/or callously indifferent to the federally protected rights of Plaintiff – namely Plaintiff's Fourth Amendment right to be free from unreasonable seizures of her person and unlawful entry into her home – when each Defendant entered her home and seized Plaintiff's person without any legal justification whatsoever.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Ruth G. Davenport, by counsel, demands for:

A. Judgment against Defendant Anthony Echevarria and Defendant Joel Ayala-Acevedo for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) represents compensatory damages and ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) represents punitive damages;

B. An order awarding Plaintiff's costs, expenses, and Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

C. Trial by jury.

**RUTH G. DAVENPORT**

By: _____
*Of Counsel*

S. W. Dawson, Esq. (VSB #83166)
DAWSON, P.L.C.
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@dawsonplc.com
*Counsel for Plaintiff*